**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4882**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

ANGELA DIANE SIMPSON,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Mary G. Lewis, District Judge. (8:14-cr-00206-MGL-1)

———————————

Submitted:  May 21, 2015           Decided:  May 26, 2015

———————————

Before MOTZ, KING, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela Diane Simpson appeals the 27-month sentence imposed after she pled guilty without a plea agreement to one count of devising a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses and representations, in violation of 18 U.S.C. § 1343 (2012). Simpson's attorney filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but raising the reasonableness of Simpson's sentence as a possible issue for review. Simpson has not filed a pro se supplemental brief, despite receiving notice of her right to do so, and the Government has declined to file a responsive brief. Finding no error, we affirm.

Although we review Simpson's sentence for reasonableness, applying an abuse-of-discretion standard, see Gall v. United States, 552 U.S. 38, 46 (2007), we review unpreserved, non-structural sentencing errors for plain error. See United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). Our review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.

Id. at 49-51; see Lynn, 592 F.3d at 575-76. If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 421 (2014).

We conclude that Simpson's sentence is procedurally and substantively reasonable. The district court correctly calculated Simpson's Guidelines range, listened to counsel's arguments, denied Simpson's motion for a departure or variant sentence, afforded Simpson an opportunity to allocute, and adequately explained its reasons for imposing the 27-month sentence. Thus, we affirm Simpson's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Simpson, in writing, of the right to petition the Supreme Court of the United States for further review. If Simpson requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Simpson. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED